IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**MELVIN R. PAUL,**

    Plaintiff,

v.                                 CIVIL ACTION NO. 1:21-00561

**WARDEN, USP Coleman,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

### I.  Introduction

By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendation ("PF&R").  Magistrate Judge Tinsley submitted his proposed findings and recommendation on November 7, 2024.  In that Proposed Findings and Recommendation, the magistrate judge recommended that this court deny plaintiff's application for Writ of Habeas Corpus and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363

(4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).  Moreover, this court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Plaintiff filed objections to the Proposed Findings and Recommendation on February 18, 2025. Because plaintiff filed his objections timely,[1] this court has conducted a de novo review of the record as to those objections.  See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

## II. Analysis

On October 14, 2021, plaintiff filed an Application for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241.  In that filing, he asserted that the Bureau of Prisons ("BOP") is improperly calculating his term of imprisonment. Specifically, Paul wants to receive credit for time he spent in state custody prior to commencing his federal sentence. Magistrate Judge Tinsley concluded that 1) Paul's federal

---

[1] On December 4, 2024, the court granted plaintiff's motion for an extension of the deadline to file objections.  See ECF No. 21.

sentence did not commence until August 25, 2015, the day he was sentenced on federal charges; 2) Paul was discharged from his state sentences on March 1, 2015 and, therefore, he was not serving an undischarged state sentence at the time of his federal sentencing; and 3) the BOP properly granted Paul 176 days of prior custody credit from March 2, 2015, the day he discharged his state sentences, through August 24, 2015, the day prior to the date his federal sentence commenced.  Paul seeks a nunc pro tunc designation, which would allow his federal sentence to run concurrent with his state sentences that ended on March 1, 2015 or, in the alternative, he seeks prior custody credit for time spent in State custody from September 14, 2013, to the date his federal sentence commenced.

"A federal sentence does not commence until the Attorney General receives the defendant into her 'custody' for service of that sentence." United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998); 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody. . . ."); see also United States v. Pungitore, 910 F.2d 1084, 1119 (3d Cir. 1990) ("a federal sentence does not begin to run until the defendant is delivered to the place where the sentence is to be served").  "When a federal court imposes a sentence on a defendant who is already in state custody, the

federal sentence may commence if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence." Evans, 159 F.3d at 911-12.

In deciding whether to make a nunc pro tunc designation, the BOP is guided by 18 U.S.C. § 3621(b), which provides as follows:

> (b) Place of imprisonment. The Bureau of Prisons shall designate the place of the prisoner's imprisonment. . . . The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
>
>> (1) the resources of the facility contemplated;
>>
>> (2) the nature and circumstances of the offense;
>>
>> (3) the history and characteristics of the prisoner;
>>
>> (4) any statement by the court that imposed the sentence-
>>
>>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>>
>>> (B) recommending a type of penal or correctional facility as appropriate; and
>>
>> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b); Trowell v. Beeler, 135 F. App'x 590, 594 (4th Cir. 2005). As our appeals court has noted, "Section 3621(b) grants BOP wide latitude in selecting the place of a federal prisoner's confinement. . . ." Id. at 593.

Although the BOP must consider a prisoner's nunc pro tunc designation request, it is not obligated to grant such a request. Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1991); see also Trowell, 135 F. App'x at 595 (holding that the BOP "must exercise its own independent judgment, taking into account all applicable factors in § 3621(b), including the views of the sentencing court"). The BOP's decision is reviewed for an abuse of discretion. See Trowell, 135 F. App'x at 593. Its decision in this regard is "entitled to a presumption of regularity and will not be disturbed in the absence of clear evidence to the contrary or abuse of discretion." Loveless v. Ziegler, Civil Action No. 5:11-cv-00991, 2012 WL 3614315, *7 (S.D.W. Va. Aug. 21, 2012).

As Magistrate Judge Tinsley noted, although the sentencing court ordered Paul's federal sentence to run concurrent with any undischarged term of imprisonment, that was "nothing more than an unfulfillable recommendation, as Petitioner had no undischarged state sentence remaining at the time of his federal sentencing." ECF No. 19 at 10. Magistrate Judge Tinsley was correct as a district court does not have the authority to run a sentence

concurrent with a term of incarceration that has expired. See Morales v. Zenk, No. 10-4204, 414 F. App'x 383, 386 (3d Cir. Feb. 17, 2011) (stating that court "did not have the authority to sentence [defendant] to a term fully concurrent with the time already served, even if [it] wanted to"); see also Turner v. McConnell, CIVIL DOCKET No. 1:20-CV-01507, 2021 WL 191029, at *2 (W.D. La. Jan. 15, 2021) ("[A]lthough the judge in the second case ordered the second sentence to run concurrently with the first sentence, the first sentence was discharged prior to the imposition of the second sentence.  Therefore, the two terms cannot run concurrently with one another."); Hicks v. United States, No. 5:13-cv-83-RS-EMT, 2013 WL 5460290, at *3 (N.D. Fl. Sept. 30, 2013) ("However, at the time Petitioner's federal sentence was imposed, there was no undischarged state sentence; his state sentence had expired, and he had been released from state custody . . . .  Therefore, Petitioner failed to show that the BOP's denial of his request for nunc pro tunc designation was arbitrary, capricious, or manifestly contrary to federal statutes.").  As the United States Court of Appeals for the Second Circuit explained in a case relied upon by Paul:

> [T]he predicate is that the defendant's prior prison term remains "undischarged."  There is no provision, either in the Act or in the Guidelines, stating that the court may order that the sentence it imposes be deemed to have been served concurrently with a prior

6

> prison term that has been fully discharged.  If the
> defendant has completed his state prison term before
> the federal sentence is imposed, § 5G1.3 does not
> apply, and his federal prison term cannot be imposed
> concurrently.

United States v. Labeille-Soto, 163 F.3d 93, 99 (3d Cir. 1998).[2] There is no merit to Paul's objection that his federal sentence could run concurrent to his discharged state sentences and, therefore, it is **OVERRULED**.

Likewise, because his state sentences had already expired, Paul was not entitled to Willis credits.[3]  See Richardson v. Outlaw, No. 2:10-CV-00006 JTR, 2011 WL 371997, at *7 (E.D. Ark. Feb. 17, 2011) ("Without concurrent state and federal sentences, the Willis exception cannot be applied.").  His argument to the contrary is without merit.  Nor was Paul entitled to prior custody credit for time spent serving his expired state sentence. As the PF&R noted, "18 U.S.C. § 3585(b) prohibits a defendant from receiving double credit for detention time.  See Barnes v. Masters, No. 17-6073, 733 F. App'x 93, 97-98 (4th Cir. May 10,

---

[2] Likewise, the other cases cited by Paul in his objections do not support his arguments.

[3] "Under Willis, the BOP may grant prior custody credit even if it results in a double-credit toward a state sentence, when two conditions are met: (1) a prisoner's state and federal sentences run concurrently; and, (2) the federal sentence full term release date is equal to or greater than the state sentence full term release date."  Winston v. Stansberry, No. 3:08CV553, 2009 WL 2230844, at *4 (E.D. Va. July 21, 2009) (citing Willis, 438 F.2d

2018). Accordingly, Paul's objections are meritless and hereby **OVERRULED**.

### III. Conclusion

For the reasons expressed above, the court hereby **OVERRULES** plaintiff's objections and confirms and accepts the factual and legal analysis contained within the Proposed Findings and Recommendation. Accordingly, the court **DENIES** plaintiff's application for Writ of Habeas Corpus and **DIRECTS** the Clerk to remove this matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing

---

at 925).

standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff pro se.

IT IS SO ORDERED this 14th day of March, 2025.

ENTER:

David A. Faber
Senior United States District Judge